# EXHIBIT B

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:   Lina M. Khan, Chair
Noah Joshua Phillips
Rebecca Kelly Slaughter
Christine S. Wilson
Alvaro M. Bedoya

| | |
|---|---|
| In the Matter of<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, a limited liability company. | DOCKET NO. |

## COMPLAINT

The Federal Trade Commission, having reason to believe that Harley-Davidson Motor Company Group, LLC, a limited liability company, has violated the provisions of the Federal Trade Commission Act, the Magnuson-Moss Warranty Act ("Warranty Act"), 15 U.S.C. § 2301 et seq., and the Rule Governing Disclosure of Written Consumer Product Warranty Terms and Conditions, 16 C.F.R. § 701, promulgated thereunder, and it appearing to the Commission that this proceeding is in the public interest, alleges:

1. Respondent Harley-Davidson Motor Company Group, LLC ("Harley-Davidson" or "Respondent") is a Wisconsin limited liability company with its principal office or place of business at 3700 West Juneau Avenue, Milwaukee, Wisconsin 53208.

2. Respondent has manufactured, advertised, offered for sale, sold, and distributed Harley-Davidson motorcycles, parts, accessories, and other products to consumers throughout the United States.

3. The acts and practices of Respondent alleged in this Complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act.

**Respondent's Business Activities**

4. Respondent offers purchasers of Harley-Davidson motorcycles a limited written warranty ("warranty"), which is described in its owner manual and constitutes a "written warranty" as defined by the Warranty Act, 15 U.S.C. § 2301(6).

5. The length of the warranty offered by Respondent is twenty-four months, "starting from the earlier of (a) the date of the initial retail purchase and delivery of the motorcycle from an authorized Harley-Davidson dealer; or (b) the third anniversary of the last day of the model year of the motorcycle."

6. Respondent, through its written warranty, conditions warranty coverage on the use of genuine Harley-Davidson parts and accessories.

7. For example, Respondent's 2021 warranty states that "Genuine Harley-Davidson parts are engineered and tested specifically for use on your motorcycle. Insist that your authorized Harley-Davidson dealer uses only genuine Harley-Davidson replacement parts and accessories to keep your Harley-Davidson motorcycle and its limited warranty intact."

8. The 2021 warranty also states that "This limited warranty will not apply to any motorcycle … 1. Which has not been operated or maintained as specified in the owner's manual. … 4. Which has off-road or competition parts installed to enhance performance, a trailer hitch, or has other unapproved modifications (even if these modifications include genuine Harley-Davidson parts and accessories that are not approved for use on your motorcycle). These modifications may void all or parts of your new motorcycle limited warranty. See an authorized Harley-Davidson dealer for details."

9. Respondent's 2021 warranty states that the "[u]se of aftermarket performance parts may void all or parts of your limited warranty. See an authorized Harley-Davidson dealer for details" and that "the use of parts and service procedures other than Harley-Davidson approved parts and service procedures may void the limited warranty."

10. Respondent has not provided genuine Harley-Davidson replacement parts to consumers without charge under the warranty. Respondent also did not seek a waiver from the Federal Trade Commission that would permit it to condition warranty coverage on the use of genuine Harley-Davidson parts and accessories.

11. Respondent also fails to fully set forth in its warranty what is covered by or excluded from the warranty. Instead, as described in paragraphs 8-9, the warranty directs the owner to check with a local Harley-Davidson dealer to fully understand the warranty's coverage. In addition, the 2021 warranty states that "[s]ome countries, states or other locations may require all regular maintenance and service work to be done by an authorized Harley-Davidson dealer for your warranty to remain in effect. Check with your local Harley-Davidson dealer for local requirements."

**MAGNUSON-MOSS WARRANTY ACT AND REGULATIONS THEREUNDER**

12. The FTC enforces the Warranty Act, 15 U.S.C. §§ 2301-2312, , which regulates consumer warranties and the procedures used to resolve warranty disputes. The broad purposes of the Warranty Act are: (1) to improve the adequacy of warranty information available to

consumers, and thereby facilitate consumer choice; (2) to prevent deception; and (3) to improve competition in the marketing of consumer products.

13. Among other things, the Warranty Act prohibits a warrantor from conditioning a warranty for a consumer product that costs more than $5 on the consumer's use of an article or a service (other than an article or a service provided without charge) which is identified by brand, trade, or corporate name, unless the warrantor applies for and receives a waiver from the Commission (the "Tying Prohibition"). 15 U.S.C. § 2302(c); *see also* 16 C.F.R. § 700.10.

14. A "warrantor" is defined by the Warranty Act as "a supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5); *see also* 16 C.F.R. § 701.1(h).

15. The Rule Governing Disclosure of Written Consumer Product Warranty Terms and Conditions, 16 C.F.R. § 701, ("the Disclosure Rule") states that, for products costing more than $15, a "warranty needs to disclose, clearly and conspicuously in a single document in simple and readily understood language. . . (2) A clear description and identification of products, or parts, or characteristics, or components or properties covered by and where necessary for clarification, excluded from the warranty." 16 C.F.R. § 701.3(a)(2). The Disclosure Rule was enacted pursuant to the Warranty Act. *See* 15 U.S.C. § 2302.

16. Pursuant to Section 2310(b) of the Warranty Act, 15 U.S.C. § 2310(b), a violation of the Warranty Act, or a rule thereunder, constitutes a violation of Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTC Act").

**Count I**
**Violations of the Tying Prohibition of The Warranty Act**

17. Respondent gives, offers, has given, and has offered written warranties, and is therefore a warrantor as that term is defined in the Warranty Act, 16 U.S.C. § 2301(5).

18. In numerous instances, Respondent has conditioned a warranty for consumer products costing more than $5 on the consumer using, in connection with the warranted product, an article or service identified by brand, trade, or corporate name that was not provided to the consumer without charge under the terms of the warranty.

19. Respondent has never received, or even sought, a waiver from the Federal Trade Commission to excuse it from complying with Section 2302(c) of the Warranty Act.

20. The acts or practices of the Respondent, as described in Paragraphs 17-19, violate Section 2302(c) of the Warranty Act, 15 U.S.C. § 2302(c), and Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

3

## Count II
## Deceptive Conduct in Violation of the Federal Trade Commission Act

21. In numerous instances, Respondent, a warrantor, has represented, directly or indirectly, expressly or by implication, that the validity of its warranty for consumer products costing more than $5 is conditioned on the use, in connection with the warranted product, of genuine Harley-Davidson parts and accessories that were not provided to the consumer free of charge under the warranty.

22. A warrantor cannot, as a matter of law, condition the validity of a warranty on the consumer's use, in connection with the warranted product, of an article or service (other than an article or service provided without charge under the terms of the warranty) identified by brand, trade, or corporate name, unless it has received a waiver from the Federal Trade Commission. *See* 15 U.S.C. § 2302(c).

23. Respondent has never received, or even sought, a waiver from the Federal Trade Commission to excuse it from complying with Section 2302(c) of the Warranty Act.

24. Therefore, the representation set forth in Paragraph 21 is false or misleading.

25. The acts and practices of Respondent as alleged in Paragraphs 21-24 constitute unfair or deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the FTC Act.

## Count III
## Failure to Clearly Describe All Warranty Terms in a Single Document in Violation of the Disclosure Rule

26. Respondent, a warrantor, failed to include, for a product that actually cost consumers more than $15, all warranty terms in a single document that contains a clear description and identification of products, parts, characteristics, components, or properties covered by and, where necessary for clarification, excluded from the warranty, as required by the Disclosure Rule, 16 C.F.R. § 701.3(a)(2).

27. The acts or practices of the Respondent, as described in Paragraph 26, violate Section 701.3(a)(2) of the Disclosure Rule, and Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

THEREFORE, the Federal Trade Commission this _____ day of _____, 20__, has issued this Complaint against Respondent.

By the Commission.

April J. Tabor
Secretary

SEAL:

4